ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* to be filed)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* to be filed)
Matthew.Salzmann@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Telephone: (212) 715-1000
Facsimile:  (212) 715-1399

*Attorneys for Defendants Louise Paris, Ltd.*
*and Rainbow USA Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOUISE PARIS, LTD., a New York corporation; RAINBOW USA, INC., a New York corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:15-cv-03495 (PSG) (FFMx)<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendants Louise Paris, Ltd. ("Louise Paris") and Rainbow USA Inc. ("Rainbow") (collectively, "Defendants"), through their undersigned attorneys, hereby answer Plaintiff Standard Fabrics International, Inc. ("Plaintiff")'s Complaint as follows:

## JURISDICTION AND VENUE

1.    In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff's claims are based on alleged violations of the Copyright Act, but deny the merits of such claims.

2.    In response to paragraph 2 of the Complaint, Defendants deny that this Court has federal question jurisdiction under 28 U.S.C. § 1338(b), as Plaintiff has not asserted any claim for unfair competition in this action, but admit that this Court has subject matter jurisdiction over the claims asserted against them in this action, and deny the merits of such claims.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, deny the same.

## THE PARTIES

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, deny the same.

5.    In response to paragraph 5 of the Complaint, (a) Louise Paris denies the allegations contained therein except that it admits that it is a limited liability company organized under the laws of the state of New York with a principal place of business located at 1407 Broadway, Suite 1405, New York, New York 10018, that is doing business in the State of California, and (b) Rainbow is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

6.    In response to paragraph 6 of the Complaint, (a) Rainbow denies the

allegations contained therein except that it admits that it is a corporation organized under the laws of the state of New York with a principal place of business located at 1000 Pennsylvania Avenue, Brooklyn, New York 11207, that is doing business in (not with) the State of California, and (b) Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and, therefore, denies the same.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, deny the same, and further note that this paragraph appears to have been included in error as "Citi Trends, Inc." has not been identified by Plaintiff as an interested party (Dkt. No. 2), and the Clerk has not been requested to issues a summons to this entity (Dkt. No. 5).

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, deny the same.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, deny the same.

10.     Defendants deny the allegations of paragraph 10 of the Complaint.

## CLAIMS RELATED TO DESIGN NO. 7766

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, deny the same, and further state that the image contained in paragraph 11 speaks for itself, but that they are without knowledge or information sufficient to form a belief as to whether the image of "Subject Design A" is a true and correct copy of the deposit material submitted to the U.S. Copyright Office in connection with Plaintiff's purported registration of "7766".

12.     Defendants are without knowledge or information sufficient to form a

DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, deny the same.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, deny the same.

14.    In response to paragraph 14 of the Complaint, Defendants deny all of the allegations contained therein, and further state that they are without knowledge or information sufficient to form a belief as to whether the image of "Subject Product A" is a true and correct image of a garment allegedly sold by Rainbow under SKU 002-054-7394, or otherwise, and, therefore, deny the same.

15.    Defendants deny the allegations of paragraph 15 of the Complaint.

## CLAIMS RELATED TO DESIGN NO. 8060

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, therefore, deny the same, and further state that the image contained in paragraph 16 speaks for itself, but that they are without knowledge or information sufficient to form a belief as to whether the image of "Subject Design B" is a true and correct copy of the deposit material submitted to the U.S. Copyright Office in connection with Plaintiff's purported registration of "8060".

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, deny the same.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, deny the same.

19.    In response to paragraph 19 of the Complaint, Defendants deny all of the allegations contained therein, and further state that they are without knowledge or information sufficient to form a belief as to whether the image of "Subject Product B"

DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

is a true and correct image of a garment allegedly sold by Rainbow under SKU 002-077-1348, or otherwise, and, therefore, deny the same.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

21. Defendants restate and incorporate by reference their responses to paragraphs 1 through 20 above, as if fully set forth herein.

22. Each Defendant denies the allegations of paragraph 22 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

23. Each Defendant denies the allegations of paragraph 23 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

24. Each Defendant denies the allegations of paragraph 24 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Each Defendant denies the allegations of paragraph 28 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement -
### Against All Defendants)

29. Defendants restate and incorporate by reference their responses to paragraphs 1 through 28 above, as if fully set forth herein.

30. Each Defendant denies the allegations of paragraph 30 of the Complaint

DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

31. Each Defendant denies the allegations of paragraph 31 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Each Defendant denies the allegations of paragraph 34 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

By and for their affirmative defenses, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief therein, fails to allege facts sufficient to state a claim for relief against Defendants, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that the Complaint, and the purported claims for relief contained therein, is barred (in whole or in part) by Plaintiff's fraud and/or deception in the copyright registration process (which, upon information and belief, includes, among other things, misrepresenting to the U.S. Copyright Office that it is the owner of Subject Designs A and B, and that Subject Designs A and B are original works of authorship), for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred (in whole or in part) because of its anti-competitive intent and conduct, its misuse of its purported

copyright and its abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of release, waiver, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred because Plaintiff has failed to assert ownership of and identify valid copyrights.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's purported copyrights and/or copyright registrations are invalid, void and unenforceable.  Among other things, Defendants contend that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

    (a)   the registrations for the purported copyrights are collection or compilation registrations that contain material that is not original and/or protectable as a matter of law;

    (b)   the registrations for the purported copyrights are collection or

compilation registrations that contain material originally developed by persons or entities other than Plaintiff; and/or

(c)   the registrations for the purported copyrights are collection or compilation registrations that contains material found in the public domain.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint because, among other things, Plaintiff is not the owner of Subject Designs A and B.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Subject Designs A and B are not an original work of authorship and thus is not entitled to copyright protection.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendants because Defendants did not have access to Plaintiff's Subject Designs A or B.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendants because Accused Products A and B are not substantially similar in overall appearance to Subject Designs A and B.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendants because to the extent Plaintiff may be entitled to any copyright protection in Subject Designs A and B, such protection is extremely thin, and Plaintiff will not be able to establish infringement under the principles governing thin copyrights.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Defendants infringed any copyright interest purportedly held by Plaintiff relating to Subject Design A or B, which they deny, they did so with innocent intent.

DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by its failure to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendants with respect to Subject Designs A or B.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred because it has failed to join indispensable parties, including without limitation, others claiming ownership of or other interests in the purported copyright in Subject Designs A and B, all of whom who are necessary for a complete and full adjudication of Plaintiff's claims, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrine of consent, in that Plaintiff consented to the acts it now complains of, as evidenced by, among other things, its purposeful distribution of copies of Subject Designs A and B into the public domain, and deliberate allowance of such designs to be copied freely outside the United States.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the scenes a faire and/or merger doctrine, in that, among other things, Plaintiff's purported Subject Designs A and B are ordinary, commonplace, or standard in the relevant art or industry.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported damages are subject to apportionment — if Plaintiff is entitled to any damages, which it is not, it is only entitled to recover Defendants' profits attributable to the particular complained-of textile print, not the entirety of their profit from the sale of Subject Products A and B.

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2      Defendants reserve the right to allege additional affirmative defenses as they

3   may become known, and to amend this Answer accordingly.

4

## PRAYER FOR RELIEF

5      WHEREFORE, Defendants pray for judgment as follows:

6      1.      That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff

7   take nothing from Defendants by virtue of its Complaint;

8      2.      That judgment be entered in favor of Defendants, and against Plaintiff;

9      3.      That Defendants be awarded their costs of suit and reasonable attorneys'

10   fees incurred herein; and

11      4.      For such other and further relief as this Court may deem just and proper.

12

13   Dated:  June 2, 2015                    ARNOLD & PORTER LLP

14

15                                 By:   /s/ Eric D. Mason
                                         _____
16                                       ERIC D. MASON
                                         LOUIS S. EDERER
17                                       MATTHEW T. SALZMANN

18                                       *Attorneys for Defendants Louise Paris, Ltd.*
19                                       *and Rainbow USA Inc.*

20

21

22

23

24

25

26

27

28

9

DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June 2015, I filed the foregoing **DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Court through this District's CM/ECF system.  Pursuant to Local Rule 5-3.2, the "Notice of Electronic Filing" automatically generated by the CM/ECF at the time the document is filed with the system constitutes automatic service of the document on counsel of record who have consented to electronic service.

> Stephen M. Doniger, Esq.
> stephen@donigerlawfirm.com
> Scott A. Burroughs, Esq.
> scott@donigerlawfirm.com
> Trevor W. Barrett, Esq.
> tbarrett@donigerlawfirm.com
> Justin M. Gomes, Esq.
> jgomes@donigerlawfirm.com
> DONIGER / BURROUGHS APC
> 603 Rose Avenue
> Venice, California  90291


> /s/ Eric D. Mason
> Eric D. Mason

DEFENDANTS LOUISE PARIS, LTD.'S AND RAINBOW USA INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT